In The

## Court of Appeals

## Ninth District of Texas at Beaumont

_____

### NO. 09-22-00127-CV

_____

### IN RE JACLYN LOUISE PAPENFUSS

**Original Proceeding
317th District Court of Jefferson County, Texas
Trial Cause No. C-236,465**

### MEMORANDUM OPINION

In a petition for a writ of mandamus, Jaclyn Louise Papenfuss contends the trial court clearly abused its discretion by failing to properly apply the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Papenfuss argues that because the child's "home state" was indisputably Michigan when this matter was filed, that state was the state that had primary jurisdiction over an initial custody determination. The Real Party in Interest, Vernon Archie Wiggins III, did not respond to our request for a response to Papenfuss's petition. We conditionally grant partial mandamus relief.

On December 5, 2019, Wiggins filed an original petition for divorce and suit affecting the parent-child relationship. In his petition, Wiggins stated that he and Papenfuss were "common law married" in October of 2017 and ceased to live together in January of 2019, and that Papenfuss resided in Michigan. Wiggins alleged that a child, V.A.W., was born in June of 2016, and he sought joint managing conservatorship and asked the trial court to designate him as the primary custodian. Acting pro se, Papenfuss filed a general denial, denying that the parties were married and alleging in part, "I oppose Texas Jurisdiction on [V.A.W.], for the fact that we have been residents of Michigan for this last year." Papenfuss retained counsel and filed a motion to dismiss the case for lack of jurisdiction, alleging in part that Texas was not the home state of the child when the suit commenced. In response to the motion to dismiss, Wiggins argued that the trial court had personal jurisdiction because Papenfuss did not file a special appearance. Wiggins alleged the trial court had personal and subject matter jurisdiction under Family Code Section 102.011(b)(2), (4), (5), (6) and (8).

The associate judge held a hearing on Wiggins's motion for temporary orders and heard from the parties on the motion to dismiss. At the hearing, Wiggins's attorney argued the trial court had jurisdiction because Papenfuss filed a general denial and did not file a special appearance. The attorney for Papenfuss argued

Regarding the child, my client had lived in another state for over a year; and so that state I believe has jurisdiction over the child, unless there's a divorce here.

There's never been a marriage here. I understood that was an issue for a final hearing. But my client has never been married to this gentleman. There's been no common-law marriage. There's never been an agreement to be married. There's never been holding out. They simply lived together, and they had a child together.

The attorney for Wiggins argued

I will respond. By filing a general denial she submitted to the jurisdiction of the Court. There are other reasons for jurisdiction, the fact that the child was conceived in Texas, born in Texas, lived in Texas; and Ms. Papenfuss even filed a petition for child support through the office of the Attorney General last year in April, all of which – there's plenty of contact with the State of Texas, as well as just submitting yourself to the jurisdiction of the Court.

The associate judge ruled that the trial court had jurisdiction and denied the motion to dismiss based on the fact that Papenfuss filed a general denial and subjected herself to the jurisdiction of the court. With respect to the temporary orders, the trial court heard testimony from the parties. In the hearing, Wiggins testified that by mutual agreement Papenfuss left Texas with the child on January 3, 2019. After eight months of living in Michigan with V.A.W., Papenfuss informed Wiggins that they would not be returning to Texas. On February 28, 2020, the associate judge signed an order denying Papenfuss's motion to dismiss for lack of jurisdiction.

On September 8, 2020, Papenfuss filed a motion to transfer the suit affecting the parent-child relationship to Shiawassee County, Michigan, pursuant to Section

3

155.301(a) of the Texas Family Code. The following day she filed an amended motion to dismiss for lack of jurisdiction, adding a UCCJEA affidavit.

In September of 2020, the trial court held a Zoom hearing on Papenfuss's amended motion to dismiss, which was held before the 317th District Court Judge. At that hearing, Wiggins did not dispute that Papenfuss and V.A.W. moved to Michigan on January 4, 2019, but he argued they had not established permanent residency in Michigan until more recently. Wiggins argued Papenfuss had acquiesced to Texas jurisdiction and residency by applying for child support services through the Office of the Attorney General of Texas. Papenfuss ceased communicating with him on August 20, 2019, that Papenfuss started thinking she was not coming back to Texas in August of 2019, and later she informed him that she would not be returning to Texas. Before that, they were visiting by agreement in Michigan. At the time of the hearing, the child was living in her paternal grandfather's home in Michigan. According to Wiggins, in a social media post Papenfuss announced she had obtained employment in Michigan on or about November 17, 2019.

Papenfuss testified she and Wiggins are not married and never agreed to be married. Papenfuss testified Michigan is her permanent home and as of April 2019 she had decided to stay in Michigan, but she delayed telling Wiggins until later. She obtained Medicaid for the child in Michigan. She has been working as a home

4

healthcare aide in Michigan since November 2019, but her hours were reduced due to COVID and she began drawing unemployment.

After the hearing, the trial court signed temporary orders addressing conservatorship, possession, and access to the child. The Temporary Orders were approved by both Papenfuss and Wiggins as to "form and substance." The temporary orders recite "all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties."

Section 152.106 of the Family Code states "A child custody determination made by a court of this state *that had jurisdiction* under this chapter binds all persons who have been served in accordance with the laws of this state or notified in accordance with Section 152.108 or who have submitted to the jurisdiction of the court and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact except to the extent the determination is modified."[1] And, pursuant to section 152.102(3), a child custody determination includes temporary orders.[2]

While we agree that the trial court had subject matter jurisdiction over the divorce proceeding and personal jurisdiction over Papenfuss, that does not mean the

---

[1] *See* Tex. Fam. Code Ann. § 152.106 (emphasis added).
[2] *Id.* § 152.102(3).

5

court could assume jurisdiction to make an initial child custody determination over V.A.W. when V.A.W.'s "home state" was Michigan at the time the suit was filed.[3]

We review de novo the construction of the UCCJEA home state provisions codified in the Texas Family Code.[4] Under the UCCJEA codified in section 152.102 of the Texas Family Code, the home state of the child is "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding."[5] The child's physical location is the central factor to be considered in determining a child's home state.[6] The parent's subjective intent to return to Texas is immaterial in determining whether another state acquired home-state status.[7] Wiggins developed evidence that Papenfuss intended to return to Texas in the future when she first moved to Michigan, but it is undisputed that on the date the suit commenced the child had been living in Michigan with her mother for more than six months. Michigan was the child's home state on the date the suit commenced.[8]

---

[3] *See In re Dean*, 393 S.W.3d 741, 747 (Tex. 2012) (orig. proceeding) (a divorce action and a custody proceeding involve different inquiries); *see also Barajas v. Santiago*, No. 01-10-00914-CV, 2012 WL 760921, at *3 (Tex. App.— Houston [1st Dist.] Mar. 8, 2012, no pet.) (mem. op.) (waiver of service for divorce does not confer jurisdiction for purposes of the UCCJEA).

[4] *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding).

[5] Tex. Fam. Code Ann. § 152.102(7).

[6] *Powell*, 165 S.W.3d at 326.

[7] *Id.*

[8] *See* Tex. Fam. Code Ann. § 152.102(5), (7).

Except for temporary emergency jurisdiction, a trial court has jurisdiction to make an initial child custody determination only if (1) Texas is the home state of the child on the date the proceeding commences, (2) a court of another state does not have home state jurisdiction, or a court of the child's home state has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum, and the child and at least one parent has a significant connection with Texas other than mere physical presence and substantial evidence is available in Texas concerning the child's care, protection, training, and personal relationships, (3) all courts having jurisdiction have declined to exercise jurisdiction on the ground that a Texas court is the more appropriate forum, or (4) no other state would have initial child custody jurisdiction.[9]

When this proceeding began, the child's home state was Michigan; therefore, under the UCCJEA as adopted in the Texas Family Code, except for temporary emergency jurisdiction, a Texas court may only exercise jurisdiction to make an initial child custody determination if a Michigan court declined to exercise jurisdiction.[10] A Texas court may communicate with the court of another state

---

[9] *See id.* § 152.201(a).
[10] *Id.*

concerning a case arising out of the UCCJEA.[11] In this case, however, no communication between the trial court and a Michigan court appears in the record.[12]

A trial court abuses its discretion if it fails to apply the law correctly.[13] A writ of mandamus provides an appropriate means to require a trial court to comply with the jurisdictional requirements of the UCCJEA.[14] The trial court abused its discretion by exercising jurisdiction over the suit affecting the parent-child relationship when

---

[11] *See id.* § 152.110.

[12] Here, we are dealing with temporary orders and the trial court has not yet rendered a final custody determination. And the parties have not asked our court to render the temporary orders void or voidable, so that issue is not before us here. That said, we note that the Texas Supreme Court stated there is an unresolved issue among the states as to whether the UCCJEA is a subject-matter jurisdiction statute, yet the majority of the Court in resolving the decision we refer to decided not to reach the issue. *See In re D.S.*, 602 S.W.3d 504, 517-18 (Tex. 2020). There, the Court stated: "We observe that of the states that have considered the jurisdictional issue, some refer to the UCCJEA as a subject-matter-jurisdiction statute, while others do not. The issue is not settled." *Id.* (citations omitted). In the concurring opinion written by Justice Lehrmann and joined by Justices Devine and Busby, the concurring Justices would have reached the issue and concluded that "a court's lack of 'jurisdiction' under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) does not equate to a lack of 'subject matter jurisdiction' that deprives the court of the power to hear and decide the case, thereby endangering a judgment's finality." *Id.* at 518 (Lehrmann, J., concurring). The concurring opinion reasoned that "the Family Code provides that a final order in a custody proceeding rendered by a court other than the court with continuing, exclusive jurisdiction over that proceeding is 'voidable,' not void. Tex. Fam. Code § 155.104(b)." *Id.* at 520. The concurrence explained it would be inconsistent with one of the UCCJEA's primary concerns, which is "avoiding relitigation of custody judgments," to treat it as a subject-matter jurisdiction statute. *Id.* Accordingly, the concurring Justices would "treat a court's erroneous application of the UCCJEA's requirements as [] error, not lack of subject matter jurisdiction." *Id.* at 520-21.

[13] *Powell*, 165 S.W.3d at 324.

[14] *Id.*

the undisputed evidence reflects that Michigan is the child's home state and there is no evidence in the record that any Michigan court has declined to exercise jurisdiction.[15] The trial court should vacate its temporary orders and contact a Michigan court to determine if that court declines to exercise jurisdiction on the ground that Texas is the more appropriate forum[16] or the trial court will dismiss the suit affecting the parent-child relationship. The writ shall issue only in the event the trial court fails to comply.

 PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on May 16, 2022
Opinion Delivered July 14, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

---

[15] *See* Tex. Fam. Code Ann. § 152.201(a)(2).
[16] *See id.* § 152.110.